IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

**John & Jane Doe**,

    Plaintiffs;

v.

**St. Paul's School**

    Defendant.

Case No. 16 - CV - 225

## Memorandum in Support of Plaintiffs' Motion for Leave to Proceed Under Pseudonyms

This action stems from the sexual assault of a 15-year-old freshman girl at the elite St. Paul's School ("St. Paul's") by a student participating in the "Senior Salute" — a tradition of statutory rape of which Defendant was aware and accepted as part of campus culture. Plaintiffs are suing Defendant because of its lack of action to discourage and prevent statutory rape and sexual assault occurring pursuant to this noxious custom. By this motion, Plaintiffs rely on well-settled law and policy that permits Plaintiffs to proceed under pseudonyms. Such an allowance is necessary to protect the privacy of a child from further grievous invasion.

### FACTS[1]

Plaintiffs John and Jane Doe are the parents of J.D., a St. Paul's student (at the time) who was sexually assaulted in a machine room on the St. Paul's campus by

---

[1] These facts are derived from the allegations in the Complaint that is being filed contemporaneously herewith.

~ 1 ~

another student looking to "score" in the Senior Salute, a competition by which senior males, in the spring prior to commencement, attempt to have sexual relations with as many girls in lower classes as they can. Most of these girls are under the age of 16 and are therefore unable to give legal consent to these sexual encounters. J.D. was 15 years old at the time of the assault and is now 17 years old.

Defendant was fully cognizant of the tradition, as students wrote in St. Paul's publicly distributed newspaper that it was an "accepted and expected" part of campus life, students discussed it with faculty and in their publicly distributed yearbooks, and, in one instance, a student even investigated the practice for an independent study project titled: "The Real Student Handbook: The Little Red Book" — a project for which Michael G. Hirschfeld, the school rector, served as faculty advisor.

The "Slaymakers," a group of senior males participating in the contest, would also ritualistically and publicly rub an on-campus engraving of their namesake, "Robert Barrie Slaymaker." Owen Labrie, the perpetrator of the assault on J.D., was a member of the Slaymakers who Defendant knew, or should have known, had a role in the Senior Salute and a propensity for violent sexual behavior. In 2013, Labrie wrote about the custom in the student newspaper — asking, "Is secret scoring in dirty Schoolhouse closets the key to happiness?" Shortly before the assault on J.D., a female student reported to a senior school administrator that Labrie had been "overly aggressive" in a sexual encounter by, among other things, biting her and pulling her hair. Labrie was

found guilty of the sexual assault on J.D., as well as illegal use of computer services and endangering the welfare of a child.

The effort of the Does and J.D. to report these crimes and shed light on the dangerous and irresponsible culture of St. Paul's was met with indifference, hostility, and outright retaliation from the insular school community. J.D. informed a faculty dormitory administrator of her rape days after it occurred, but the faculty member chose not to alert authorities. Those at the school who were aware of her identity mocked her allegations in public settings in front of faculty members, who did nothing to stop it. Other groups of students threatened and harassed her.

The provocation and persecution was so great that she left after the following semester and never returned. Yet her privacy has remained imperiled by supporters of Labrie and the school. She has been overtly threatened by online commentators who have written that they "are putting a target" on Labrie's accuser and "she is gonna get used and abused."

Plaintiffs bring this case seeking relief for the severe and permanent harm that has resulted to J.D. as a result of Defendant's inaction and fostering a culture that accepted sexual assault as a normal part of campus life. J.D. is a minor and her identity should be protected in this lawsuit. Because the Does are her parents, revealing their names would necessarily reveal her identity. Accordingly, they should be permitted to proceed in this litigation by using pseudonyms as well.

ARGUMENT

The Federal Rules of Civil Procedure state that "the title of the complaint must name all the parties" and "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a) & 17(a)(1). Although the U.S. Supreme Court has never formally acknowledged the permissibility of using a pseudonym, it has heard cases with pseudonymous plaintiffs without criticism or comment of the practice, *see, e.g., Roe v. Wade*, 410 U.S. 113, 124 (1973); *Doe v. Bolton*, 410 U.S. 179, 187 (1973), and parents have proceeded pseudonymously on behalf of their minor children in this Court before, *see, e.g., Dorren W. v. MWV Healthcare Assocs., Inc.*, 937 F. Supp. 2d 194, 195 (D.N.H. 2013); *B.K. v. Toumpas*, Civil No. 09-cv-94-JL, 2012 WL 1977118 at *1 (D.N.H. June 1, 2012); *BK v. New Hampshire Dep't of Health & Human Servs.*, 814 F. Supp. 2d 59, 61 (D.N.H. 2011) — including in cases alleging sexual misconduct at a school, *see Doe v. Londonderry Sch. Dist.*, 970 F. Supp. 64, 66 (D.N.H. 1997). "[T]he decision whether to allow a plaintiff to proceed anonymously rests within the sound discretion of the court." *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n. 2 (3rd Cir. 2008).

To proceed anonymously, plaintiffs must satisfy their burden of demonstrating that they have "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Macinnis v. Cigna Grp. Ins. Co. of Am.*, 379 F. Supp. 2d 89, 90 (D. Mass. 2005) (quoting *Doe v. Bell Atl. Bus. Sys.*, 162 F.R.D. 418, 420 (D. Mass. 1995)). The U.S. District Court for the Eastern

District of New York has articulated six factors to be considered in making this determination:

> (1) Whether the plaintiff is challenging governmental activity or an individual's actions;
>
> (2) Whether the plaintiff's action requires disclosure of information of the utmost intimacy;
>
> (3) Whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct;
>
> (4) Whether identification would put the plaintiff at risk of suffering physical or mental injury;
>
> (5) Whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and
>
> (6) The public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*See EW v. New York Blood Ctr.*, 213 F.R.D. 108, 110 (2003) (internal citations removed). These factors overwhelmingly favor permitting Plaintiffs to proceed by pseudonym in this case.

I.  **Plaintiffs' Claims Require Disclosure of Information of Utmost Intimacy.**

This action is the result of a sexual assault on a minor. The facts of that assault are highly sensitive and personal to J.D. and merit pseudonymous pleading. That J.D. will live in constant fear of widespread recognition is a key feature of the injuries she has suffered. Requiring the disclosure of J.D.'s identity would only serve to exacerbate these injuries.

The weight of legal precedent militates in favor of using a pseudonym to protect the identity of children who were subjected to sexual activity, *see Plaintiff B v. Francis*, F.3d 1310, 1317 (11th Cir. 2011) (describing plaintiffs "explicit sexual conduct while they were minors" was "sensitive and highly personal," meriting use of pseudonyms), and particularly in cases of sexual assault and abuse, *see Doe v. Oshrin*, 299 F.R.D. 100, 104-105 (D.N.J. 2014); *Doe v. St. John's Episcopal Day Sch., Inc.*, 997 F. Supp. 2d 1279, 1290 (M.D. Fla. 2014); *Doe v. Lee*, No. C 13-04029, 2014 WL 630936 at *2 (N.D. Calif. Feb. 18, 2014) ("because being taken advantage of in a sexual manner as a minor is of a highly sensitive and personal nature, cases involving such an issue have often been found to allow for the use of a fictitious name") (citing *John Doe 140 v. Archdiocese of Portland*, 249 F.R.D. 358, 361 (D. Ore. 2008)).

These cases all indicate that child victims of sexual assault and other misconduct, if their identities are publicly exposed, face the possibility of harm well beyond mere embarrassment. This is true for J.D., even if she becomes a legal adult during this pending litigation. *See Doe v. City of Marion, Ind.*, No. 1:00-CV-468, 2002 WL 32072794 at *2 (N.D. Ind. Feb. 1, 2002) (even though plaintiff alleging sexual molestation as a child had obtained the age of majority, court ordered use of pseudonym); *see also R.P. v. Seattle Sch. Dist.*, No. C13-2218-MJP, 2014 WL 639408 (W.D. Wash. Feb. 18, 2014) (even in the case of a lawsuit brought by a then-adult, "clear public policy considerations" dictated that "[s]uing for alleged sexual violence experienced as a child" does not "strip Plaintiff of privacy protections courts regularly provide such victims"). Even though

this case does not require the disclosure of any alleged intention by the Does and J.D. to engage in illegal activity, it does require the disclosure of information of the utmost intimacy — which weighs strongly in favor of allowing the Does and J.D. to proceed under pseudonyms.

## II. Identifying Plaintiffs Puts Them at Risk of Suffering Further Injury.

This is a lawsuit against an elite boarding school — that costs nearly $60,000 a year to attend — with alumni in the upper echelons of business, politics, the arts, and academia. Its supporters in this dispute include not just the school community, students, parents, teachers, and graduates, but also others who generally believe that exclusive, affluent educational institutions should not be scrutinized for the sex-charged atmospheres on their campuses. As described above, numerous individuals, who may or may not be associated with St. Paul's, have sown the Internet with requests for information about J.D.'s identity and direct threats against her and her family. Further, revealing the Does and J.D.'s identities in this matter would attach permanent humiliation and stigma to J.D. that would follow her for the remainder of her life, resulting in extreme anguish and emotional harm. Publishing the Does and J.D.'s names in this lawsuit would greatly increase the chance of further injury to them, both mentally and physically.

## III. Plaintiffs' Proceeding Anonymously Would Not Prejudice Defendant.

Defendant knows the identity of J.D. and the Does and will not, from a litigation standpoint, be adversely impacted by Plaintiffs' use of pseudonyms; there is therefore

no procedural unfairness amounting to potential infringement of their constitutional rights. *See, e.g., Doe v. Smith*, 105 F. Supp. 2d 40, 45 (E.D.N.Y. 1999) (no prejudice when defendant's ability to litigate is not affected by anonymity of plaintiffs). In addition, Plaintiffs have attached to this motion an affidavit that sets forth the full names of John Doe, Jane Doe and J.D. as well as their current address in Exhibit A to this Motion, which is being filed under seal. Moreover, the defendant in this case, St. Paul's, "is not an ordinary private party, with interests relating solely to its personal life and business reputation," but, rather, a school "organized to perform an important, public service" — educating children. *See EW*, 213 F.R.D. at 112. The case is therefore more "analogous to one involving a government defendant, where personal anonymity is more readily granted because of the existence of a public interest in the action and a lesser interest in personal reputation." *Id.*

There has "already been substantial press" relating to the assault on J.D. and the criminal actions of Mr. Labrie, as well as the school's tolerance of the "Senior Salute" tradition. *See id.* Revealing the identity of the Does and J.D. would not mitigate any prior negative publicity nor prevent more negative publicity. Given these circumstances, "any additional prejudice to the defendant[s'] reputation or ability to operate merely by the pursuit of the action under a pseudonym appears minimal." *Id.*; *accord Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006). It is clear that this motion is not sought "to impair defendant's ability to defend [itself], to delay the litigation or to increase the costs to defendant[s]." *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D.

464, 469 (E.D. Pa. 1997). As such, there is no meaningful prejudice to Defendant that would result from the Does and J.D.'s use of pseudonyms.

### IV. The Public Interest in Keeping Plaintiffs' Identities Confidential is Strong.

While there is always some level of public interest in open access to legal proceedings, that "operates only as a presumption and not as an absolute, unreviewable license to deny." *James v. Jacobsen*, 6 F.3d 233, 238 (4th Cir. 1993). In this case, there is a stronger countervailing public interest in keeping the Does and J.D. anonymous. The public has a strong interest in preventing the stigmatization of minor victims of sexual assault or other sexual misconduct. *See Oshrin*, 299 F.R.D. at 104. The public also has a strong interest in removing deterrents to minor victims of sexual assault from vindicating their rights.

The public interest in learning the Does and J.D.'s identities is not atypically weighty in the present case; the Does and J.D. are private citizens "seeking to litigate private and highly-sensitive issues," not public officials "from whom the public possesses a heightened interest." *Id.* Further, the "proceedings will remain public, thereby preserving any general public interest in the subject matter of this litigation." *Id.* As such, the public interest in favor of permitting anonymity overcomes any general public interest in open legal proceedings. *See, e.g., Provident Life & Accident Ins.*, 176 F.R.D. at 469.

CONCLUSION

This case falls squarely within the class of cases in which courts — including this one — have permitted parties to proceed anonymously. The highly sensitive nature of the allegations underlying this case, the minor status of the victim, and the substantial risk of harm to the Does and J.D. should their identities be revealed all strongly favor permitting them to keep their identities confidential. Accordingly, Plaintiffs respectfully request that this Court grant this motion and thereby permit Jane Doe, John Doe, and J.D. to use pseudonyms in this litigation.

Respectfully submitted,

June 1, 2016

_____
Charles G. Douglas III (NH Bar No. 669)
DOUGLAS, LEONARD & GARVEY, P.C.
14 South Street
Concord, NH 03301
603-224-1988
603-229-1988 (f)
chuck@nhlawoffice.com

Steven J. Kelly (*pro hac vice* pending)
Stephen G. Grygiel (*pro hac vice* pending)
Steven D. Silverman (*pro hac vice* pending)
SILVERMAN | THOMPSON | SLUTKIN | WHITE, LLC
201 N. Charles Street, Suite 2600
Baltimore, MD 21201
410-385-2225
410-547-2432 (f)
skelly@mdattorney.com
ssilverman@mdattorney.com
sgrygiel@mdattorney.com
*Attorney for Plaintiffs*