IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

**John & Jane Doe,**

    Plaintiffs;

v.

**St. Paul's School**

    Defendant.

Case No. 16-CV-225

U.S. DISTRICT COURT
DISTRICT OF NH
FILED
2016 JUN -1 P 4:16

### PLAINTIFFS' MOTION SEEKING A PROTECTIVE ORDER SEALING EXHIBIT A

Plaintiffs, John Doe and Jane Doe, as parents, next friends, and legal guardians to their minor daughter J.D., by and through their undersigned counsel, and pursuant to Local Rule 83.12, hereby file this Motion Seeking a Protective Order Sealing Exhibit A to their Memorandum in Support of their Motion to Proceed Under Pseudonyms.

### I. INTRODUCTION

Plaintiffs specifically seek to seal Exhibit A to their Memorandum in Support of their Motion to Proceed Under Pseudonyms. This exhibit contains the full name and address of the minor victim on whose behalf this action is brought and her parents, who share the same last name and personal address as their daughter. Revealing the parents' identity would reveal the identity of the minor. Accordingly, Plaintiffs have a significant interest in maintaining the privacy of the minor and in avoiding any public association between her and the sexual assault perpetrated against her. For the reasons discussed below, this interest outweighs any countervailing public interest in revealing

U.S. DISTRICT COURT
DISTRICT OF NH
FILED

2016 JUN -1 P 4:16

16-CV-225

their identity and they therefore respectfully request that the Court seal the exhibit containing their identities and that of their minor daughter.

## II. ARGUMENT

A. PLAINTIFFS' INTEREST IN MAINTAINING THEIR ANONYMITY OUTWEIGHS ANY PUBLIC RIGHT OF ACCESS TO PORTIONS OF THE COURT RECORD IN THIS CASE

The Supreme Court has recognized a common law right to inspect and copy judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, this right of access to court records is not absolute. Trial courts have supervisory power over their own records and may, in their discretion, seal documents "if countervailing interests heavily outweigh the public interests in [open] access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). In this case, continued protection of the Plaintiffs' identities presents a compelling countervailing interest that merits the sealing of any documents that threaten to increase the likelihood that their identities will be revealed to the public. This specifically includes Exhibit A to Plaintiff's Memorandum in Support of their Motion to Proceed Under Pseudonyms ("Exhibit A").

Exhibit A is an affidavit which sets forth the identity of Plaintiffs to ensure that their proceeding under a pseudonym poses no risk of unfairness to the opposing parties and/or to the Court. This purpose could not be served by redacting the affidavit, which would otherwise be required under Fed. R. Civ. Proc. 5.2.

For the same reasons set forth in Plaintiffs' Motion for Leave to Proceed Under Pseudonym and Memorandum in support thereof, namely the sensitive and highly

personal nature of the allegations involved in this case, the risk of retaliatory harm against Plaintiffs, and the young age of minor J.D., Plaintiffs respectfully request that this Court issue a protective order sealing Exhibit A.

  B. **ALTERNATIVES TO SEALING WOULD NOT PROVIDE SUFFICIENT PROTECTION**

Prior to sealing any documents, the Court is required to consider less drastic alternatives to sealing, such as filing redacted versions of the documents. Indeed, when "evaluating whether to place documents under seal, a court must exercise its discretion 'in light of the relevant facts and circumstances of the particular case." *U.S. v. Isaacson*, No. 09-CV-332-LM, 2010 WL 3895683, at *2 (D.N.H. Sept. 28, 2010). Here, sealing Exhibit A provides the narrowest possible relief to protect the identity of Plaintiffs while respecting the "strong common law presumption favoring public access to judicial proceedings and records." *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987). Simply redacting information identifying Plaintiffs would be inadequate to protect their identities. Even if their names were redacted, the affidavit would still contain a plethora of information about this case which received a great deal of public attention when the underlying sexual assault was brought to light and subsequently prosecuted. The fact that this case has already received such widespread media attention only increases the likelihood that Plaintiffs' identities will be revealed to the public.

Moreover, a protective order sealing only one exhibit to Plaintiffs' motion is a narrowly tailored solution that allows the public continued access to all portions of the Court record while, at the same time, protecting the identities of Plaintiffs who have

3

already suffered extreme hardship, and stand to suffer future humiliation as a result of further exposure.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue a protective order sealing Exhibit A under Level I protection and granting this level of protection for a period of five years after the expiration of this litigation.  A proposed order is attached.

Dated: June 1, 2016						Respectfully submitted,


							/s/ Charles G. Douglas III
							Charles G. Douglas III (NH Bar No. 669)
							DOUGLAS, LEONARD & GARVEY, P.C.
							14 South Street
							Concord, NH 03301
							603-224-1988
							603-229-1988 (f)
							chuck@nhlawoffice.com

							Steven J. Kelly (*pro hac vice* pending)
							Stephen G. Grygiel (*pro hac vice* pending)
							Steven D. Silverman (*pro hac vice* pending)
							SILVERMAN | THOMPSON | SLUTKIN | WHITE, LLC
							201 N. Charles Street, Suite 2600
							Baltimore, MD 21201
							410-385-2225
							410-547-2432 (f)
							skelly@mdattorney.com
							ssilverman@mdattorney.com
							sgrygiel@mdattorney.com
							*Attorney for Plaintiffs*

5