UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| JOHN AND JANE DOE,<br>AS PARENTS, NEXT FRIENDS AND<br>LEGAL GUARDIANS OF MINOR CHILD, J.D. | ) ) ) ) | Civil Action No. 1:16-CV-00225-PB |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| ST. PAUL'S SCHOOL, | ) ) | |
| Defendant. | ) ) ) ) | |

**DEFENDANT'S PARTIAL OBJECTION AND CONDITIONAL ASSENT TO
PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS**

Defendant St. Paul's School ("the School"), through its attorneys, McLane Middleton,

Professional Association, hereby partially objects and conditionally assents to Plaintiffs' Motion

for Leave to Proceed Under Pseudonyms (the "Motion").  In support, the School states as

follows:

1.      Upon filing both their Complaint and Motion seeking court-sanctioned anonymity

in this proceeding, Plaintiffs, through their counsel and/or others acting on their behalf, engaged

in a national media campaign attacking the character, credibility and reputation of the School

while simultaneously extolling Plaintiffs' own character, credibility and reputation.  Plaintiffs'

blatant attempts to try this case in the media—up to and including attempting to set a range on a

potential jury verdict—from behind a cloak of anonymity should not be countenanced.  This is

particularly so when another federal district court publicly admonished Plaintiffs' counsel less

than two years ago for engaging in materially identical conduct in another case involving an

alleged sexual assault.  *Doe v. Cabrera*, 307 F.R.D. 1, 9 (D.D.C. 2014) ("[C]ounsel for the

plaintiff and other attorneys acting on her behalf should have known better than to publicize the plaintiff's case" and "should have remained silent about the case").  Such conduct prejudices both the School and this proceeding by potentially contaminating the jury pool with one-sided allegations concerning the credibility and character of the parties, only one of whom—the School—is known.

2.      Judicial proceedings are supposed to be open and transparent, which is why the default rule in federal court is that plaintiffs must bring cases in their own names.  Fed. R. Civ. P. 10(a).  Only in "exceptional" cases may a court grant a party anonymity in an otherwise public proceeding.  *Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 420 (D. Mass. 1995). A court must balance the plaintiff's interest in anonymity against both the public interest in disclosure and any prejudice to the defendant.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008).

3.      The School recognizes that J.D. has an interest in protecting her identity. However, in balancing this interest against the prejudice to the School and the public interest in disclosure, the following commonsense measures should be taken to mitigate the prejudice to the School and ensure the fundamental fairness of a proceeding in which one party is allowed to remain anonymously:

    a.      The parties, their counsel, and others acting on their behalf shall refrain from making any further public statements about this matter or the facts underlying it until the litigation is completed;

    b.      The School shall be entitled to identify Plaintiffs and J.D. during the discovery and fact investigation process to third parties and during depositions, and Plaintiffs shall bear the cost of redacting any documents

- 2 -

filed with the Court bearing Plaintiffs' and J.D.'s names or personally

identifiable information; and

  c.  Plaintiffs and J.D. should not be allowed to proceed under pseudonyms at

the trial of this matter.

4.  Undersigned counsel attempted but was unable to reach agreement with Plaintiffs'

counsel as to the measures identified in Paragraph 3 herein.

5.  The School is contemporaneously submitting a supporting memorandum of law,

which it incorporates herein.

WHEREFORE, Defendant St. Paul's School requests that the Court enter an order:

A.  Denying, in part, Plaintiff's Motion to Proceed Under Pseudonyms;

B.  Incorporating in any order allowing Plaintiffs to proceed under pseudonyms the
following:

  a. The parties, their counsel, and others acting on their behalf shall refrain from
making any further public statements about this matter or the facts underlying
it until the litigation is completed;

  b. The School shall be entitled to identify Plaintiffs and J.D. during the discovery
and fact investigation process to third parties and during depositions, and
Plaintiffs shall bear the cost of redacting any documents filed with the Court
bearing Plaintiffs' names or personally identifiable information;

  c. Plaintiffs and J.D. shall not proceed under pseudonyms at the trial of this
matter; and

C.  Grant the School such further relief as is just and proper.

Respectfully submitted,

ST. PAUL'S SCHOOL,

By its attorneys,
McLANE MIDDLETON,
PROFESSIONAL ASSOCIATION

Dated: August 11, 2016          By: ___/s/ Michael A. Delaney_____
                                Bruce W. Felmly, NH Bar No. 787
                                Michael A. Delaney,  NH Bar No. 10504
                                900 Elm Street
                                Manchester, NH 03105
                                T) (603) 625-6464
                                F) (603) 625-5650
                                bruce.felmly@mclane.com
                                michael.delaney@mclane.com

<u>Certificate of Service</u>

I certify that, on August 11, 2016, I served the foregoing via ECF electronic transmission in accordance with the Court's Administrative Procedures for ECF to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants, if any.

/s/ Michael A. Delaney_____
Michael A. Delaney,  NH Bar No. 10504

11037773