UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-07503-MWF-JC                    Date:  June 17, 2016
Title:    Jane Doe -v- Derrick Rose, et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Relief Deputy Clerk:          Court Reporter:
Cheryl Wynn                   Not Reported

Attorneys Present for Plaintiff:   Attorneys Present for Defendant:
None Present                       None Present

**Proceedings (In Chambers):**  ORDER RE: DEFENDANT DERRICK ROSE'S MOTION FOR DISMISSAL ON ACCOUNT OF PLAINTIFF'S USE OF A PSEUDONYM [65]

Before the Court is Defendant Derrick Rose's Motion for Dismissal on Account of Plaintiff's Use of a Pseudonym (the "Motion"), filed on April 18, 2016. (Docket No. 65). Plaintiff filed an Opposition to the Motion on April 26, 2016, and Defendant Rose's Reply followed on May 2, 2016. (Docket Nos. 71, 80). The Court reviewed and considered the papers on the Motion, and now rules as follows:

The Motion is **GRANTED** *in part* and **DENIED** *in part*. Because Plaintiff could experience significant harassment and humiliation if her identity were publicly disclosed, she may remain anonymous during all pretrial proceedings. However, to avoid prejudice to Defendant Rose, Plaintiff's identity may be revealed at trial and to third-party witnesses during discovery.

**I.    BACKGROUND**

Plaintiff initiated this action under the pseudonym "Jane Doe" against Defendant Rose—a well-known professional basketball player with whom Plaintiff had enjoyed a two-year intimate relationship—and two of his friends. (Superior Court Complaint ¶¶ 3, 13 ("Complaint") (Docket No. 1-1)). Plaintiff alleges that her relationship with Defendant Rose came to an abrupt end when the three Defendants drugged her, entered her apartment while she was asleep, and gang raped her. (*Id.* ¶ 1). As a direct result of Defendants' actions, Plaintiff continues, she has suffered severe emotional distress,

---

**CIVIL MINUTES—GENERAL**                                            1

EXHIBIT 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-07503-MWF-JC				Date:  June 17, 2016
Title:	Jane Doe -v- Derrick Rose, et al.

humiliation, embarrassment, and anxiety.  (*Id.* ¶ 59).  To guard against any further distress that could result from the public nature of this action, Plaintiff chose to remain anonymous in prosecuting her claims.  (*Id.* ¶ 3).

## II.	DISCUSSION

Defendant Rose brings this Motion to either dismiss the Complaint for failure to include Plaintiff's true name or force Plaintiff to reveal her identity to the public.  The Motion is made under Federal Rules of Civil Procedure 10(a) and 17(a)(1), which require plaintiffs to identify themselves in court proceedings.  Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . ."), 17(a)(1) ("An action must be prosecuted in the name of the real party in interest.").  The Ninth Circuit has recognized, however, that parties may "use pseudonyms in the 'unusual case' when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment."  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (permitting foreign workers to prosecute their claims anonymously due to their legitimate fears of deportation or arrest).  In determining whether to permit the use of a fictitious name, the district court must weigh the need for anonymity against any "prejudice to the opposing party and the public's interest in knowing the party's identity."  *Id.*

### A.	Plaintiff's Need for a Pseudonym

Courts have generally permitted plaintiffs to proceed anonymously when their claims involved allegations of sexual assault or rape.  *See, e.g., Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir.1997) ("[F]ictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses."); *Doe v. Penzato*, No. CV-10-5154-MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) ("Given Plaintiff's allegations of sexual assault, the Court finds that these reasons tend to favor allowing her to proceed anonymously."); *Alyssa C. v. Palo Alto Hous. Corp.*, No. C 07-1112 JW, 2007 WL 878524, at *1 (N.D. Cal. Mar. 20, 2007) ("Situations where courts have found sufficient privacy concerns to warrant proceeding under a fictitious name have

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-07503-MWF-JC					Date:  June 17, 2016
Title:	Jane Doe -v- Derrick Rose, et al.

included such matters as . . . rape."); *Doe v. Cabrera*, 307 F.R.D. 1, 3 (D.D.C. 2014) (permitting the victim of an alleged sexual assault to proceed anonymously against her alleged attacker, a professional baseball player, due to the trauma the plaintiff would likely suffer if her identity were revealed to the public); *E.E.O.C. v. Spoa, LLC*, No. CCB–13–1615, 2013 WL 5634337, at *4 (D. Md. Oct. 15, 2013) (permitting an alleged victim of sexual assault to use a pseudonym because "sexual assault" is a "highly sensitive and personal matter"); *Roe v. St. Louis Univ.*, No. 08–cv–1474–JCH, 2009 WL 910738, at *5 (E.D. Mo. Apr. 2, 2009) (allowing use of pseudonym because rape is a "personal matter of the utmost intimacy").

The principles discussed in those cases apply with equal force here. The Complaint sets forth allegations of brutal gang rape that left Plaintiff traumatized and suffering from a post-traumatic stress disorder. (Complaint ¶¶ 40-44, 50, 54, 87). Plaintiff's mental and emotional wellbeing allegedly deteriorated to such an extent that she lost her job and required therapy to regain control over her life. (*Id.* ¶¶ 53, 55). Given the public nature of this action, and the fame of Defendant Rose, forcing Plaintiff to abandon her anonymity could subject her to significant harassment and humiliation from the public. *See* Richard I. Haddad, *Shield or Sieve?* People v. Bryant *and the Rape Shield Law in High-Profile Cases*, 39 COLUM. J. L. & SOC. PROBS. 185, 185-87 (2005) (describing pervasive public harassment an alleged victim of sexual assault suffered after she identified basketball-star Kobe Bryant as the perpetrator). In these circumstances, Plaintiff's need for anonymity weighs heavily against a strict adherence to the requirements of Rules 10(a) and 17(a).

Defendant Rose challenges this conclusion primarily on two grounds:

*First*, Defendant Rose contends that Plaintiff failed to show the need for anonymity due to her failure to provide a declaration explaining exactly how she expects to be harassed and embarrassed if her name were revealed to the public. (Reply at 3-4). Although such evidence would further support Plaintiff's use of a pseudonym, it is unnecessary in light of the allegations in the Complaint. Indeed, the possibility of harassment is self-evident given just how egregious the allegations are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-07503-MWF-JC                     Date:  June 17, 2016
Title:    Jane Doe -v- Derrick Rose, et al.

against Defendant Rose, who, it bears repeating, is a public figure of considerable fame and celebrity.

*Second*, Defendant Rose points to Plaintiff's activity on social media as evidence that she has no "legitimate fear of shame, humiliation, or embarrassment." (Motion at 7). Defendant Rose argues as follows:

> Of special note, Plaintiff is publicly portraying herself as sexual. The production includes photos from Plaintiff's Instagram account that are sexual in nature. In these images, Plaintiff is dressed in provocative attire, is in sexually suggestive poses, and is in photographs indicating that she engages in sexually charged encounters with more than one man at a time. Plaintiff's use of twitter and other forms of social media further belies her apparent desire for anonymity.

(*Id.*; Reply at 5 (citation to record omitted)). The Court is uncertain what to make of this reasoning. Defendant Rose appears to suggest that women who publicly portray themselves as "sexual" are less likely to experience embarrassment, humiliation, and harassment associated with gang rape. Such rhetoric has no place in this Court. No matter how Plaintiff chooses to depict her sexuality on social media, her allegations of rape entitle her to the protections of anonymity.

### B. Prejudice to Defendant Rose

The Court's second step of analysis involves an examination of potential prejudice to Defendant Rose from Plaintiff's use of a fictitious name. Defendant Rose argues that Plaintiff's anonymity prejudices his preparation for trial due to his inability to reveal Plaintiff's identity at witness depositions and in third-party subpoenas. (Motion at 8). Such inability is especially problematic, Defendant Rose continues, because Plaintiff has used her real name in obtaining declarations from various witnesses, thereby creating unequal access to discovery. (*Id.*).

---

**CIVIL MINUTES—GENERAL**                                           4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-15-07503-MWF-JC | Date: June 17, 2016 |
| Title: Jane Doe -v- Derrick Rose, et al. | |

While Defendant Rose's concerns are valid, they can be easily addressed by leveling the playing field between the parties. The Court will permit Defendant to use Plaintiff's real name insofar as such use is necessary to obtain discovery from third-party witnesses. Defendant Rose may not reveal Plaintiff's name, however, outside the discovery process.

Defendant Rose further contends that Plaintiff's anonymity is prejudicial because it purportedly prevents him from countering the negative publicity from Plaintiff's allegations. (Motion at 9). But the Court sees no reason why Defendant Rose cannot present his version of the transpired events to the public without revealing Plaintiff's name. At most, Defendant Rose and his public relations staff would be inconvenienced by Plaintiff's anonymity. That inconvenience alone, however, is hardly sufficient to outweigh the harassment and humiliation Plaintiff would likely endure if her name were revealed to the public.

### C. Public Interest

Finally, the Court must consider the interests of the public in its analysis. The public does, of course, have some interest in Plaintiff's true identity, especially in light of the publicity surrounding this action. The public has an equally strong interest, however, in encouraging victims of sexual assault to bring claims against their assailants. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1073 (9th Cir. 2000) (stating that the use of fictitious names is in the public's interest if it enables plaintiffs to bring legitimate claims that they would be otherwise deterred from bringing); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("The public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes."). Because permitting Plaintiff to proceed under a fictitious name would benefit society by encouraging victims of sexual assault to come forward, this factor is at best neutral.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-15-07503-MWF-JC | Date: June 17, 2016 |
| Title: Jane Doe -v- Derrick Rose, et al. | |

### D. Conclusion

In sum, the Court concludes that Plaintiff may use her pseudonym in pretrial proceedings but may not preclude Defendant Rose from disclosing her identity for purposes of third-party discovery. Defendant Rose must exercise due care not to disclose Plaintiff's identity outside the discovery process.

The Court further notes that Plaintiff's anonymity could significantly prejudice Defendant Rose if this action were to progress to trial. Indeed, the jury may interpret the Court's permission for Plaintiff to conceal her identity as a comment on the harm Defendants allegedly caused. The Court will therefore reevaluate the balance of interests regarding Plaintiff's anonymity at the final pretrial conference. *See Advanced Textile Corp.*, 214 F.3d at 1069 ("We recognize that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses.").

Accordingly, the Motion is **GRANTED** *in part* and **DENIED** *in part*.

IT IS SO ORDERED.