# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| ALEXANDER & SUSAN PROUT<br>p/n/f of F.P., a minor, | * |
| Plaintiffs, | * |
| | * |
| | *   Civil Action No. 1:16-CV-00225-PB |
| v. | * |
| | * |
| ST. PAUL'S SCHOOL, | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PARTIES' JOINTLY FILED PROPOSED DISCOVERY PLAN
### FED. R. CIV. P. 26(f)

**DATE/PLACE OF CONFERENCE:**

Counsel communicated regarding this Proposed Discovery Plan by emails and a telephone conference in September 2016 to reach agreement in this matter.

**COUNSEL PRESENT/REPRESENTING**:

<u>Counsel for Plaintiff</u>:
Charles G. Douglas, III
Douglas, Leonard & Garvey, P.C.
14 South Street, Suite 5
Concord, NH 03301

Steven D. Silverman
Steven J. Kelly
Stephen G. Grygiel
Edward P. Parent
Silverman, Thompson, Slutkin & White, LLC
201 North Charles St, Suite 2600
Baltimore, MD 21201

<u>Counsel for Defendant</u>:
Bruce W. Felmly
Michael A. Delaney
McLane Middleton
900 Elm Street
Manchester, NH 03105

## CASE SUMMARY

**THEORY OF LIABILITY:** By the First Amended Complaint, dated August 29, 2016, Plaintiffs assert the following claims: Count One – Breach of Fiduciary Duty; Count Two – Negligence; Count Three –Premises Liability; Count Four – Intentional Infliction of Emotional Distress; Count Five – Negligent Infliction of Emotional Distress.

**THEORY OF DEFENSE:** Defendant denies any liability, denies that it could have prevented the alleged sexual assault of F.P. by Owen Labrie on May 30, 2014, and denies that it breached any duty that it owed to F.P. Defendant asserts that it had reasonable and appropriate measures in place designed to protect the health, safety and welfare of its students. Defendant asserts that the May 30, 2014 incident, and any resulting harm that F.P. suffered, were a result of the actions of Labrie and not actions or omissions on the part of the School. Defendant further refers to its answer and affirmative defenses to the amended complaint.

**DAMAGES:** Plaintiffs demand judgment against Defendant in an amount in excess of $75,000 in compensatory damages and enhanced compensatory damages to be established at trial, as well as, interest, costs, and other relief as justice requires.

**DEMAND:** December 9, 2016.

**OFFER:** January 13, 2017.

**JURISDICTIONAL QUESTIONS:** None at this time.

**QUESTIONS OF LAW:** The parties refer to the complaint, answer and affirmative defenses for questions of law raised in the pleadings.  The parties further reserve the right to brief and argue any issues of law that arise.

**TYPE OF TRIAL:** Jury.

## DISCOVERY

**TRACK ASSIGNMENT:** Modified Complex - 18 months.  At present, the parties believe a trial date approximately 18 months from the date of the preliminary pretrial conference will accommodate the discovery needs of this case, assuming discovery in the ongoing Labrie criminal proceedings is readily available.

**DISCOVERY NEEDED:**

The Parties anticipate requiring extensive fact discovery concerning issues of liability and damages relating both to Plaintiffs' claims in their First Amended Complaint and the defenses asserted in Defendant's Answer.  Both parties also anticipate a period of expert discovery, including depositions of experts on issues of liability, damages and defenses asserted by Defendant.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):**

All parties by October 31, 2016.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

If they have not already done so, the parties will immediately take all reasonable measures to preserve hard-copy, written and other physically tangible documents and things relevant to the parties' respective claims and defenses.  To the extent not already done, the parties will also immediately take all reasonable measures to preserve electronically stored information on all computers (desktops, laptops or other computing devices), networks, personal

devices (for example iPhones, Blackberries and smartphones), data and information storage and other archival systems, and other electronic devices, software and hardware within their respective possession, custody or control.

The parties have discussed Plaintiffs' initial, detailed ESI proposal that included, among other things, Plaintiffs' proposals concerning preservation, Native Files, Static Images and Metadata, among other ESI.   The parties also discussed the defendant's concerns about that initial proposal, including, among other things, potential burden, overbreadth, undue expense and disproportionality.

Specifically, the defendant discussed proportionality in efforts to preserve, identify and produce relevant information, which includes identifying appropriate limits to discovery, including reasonable limits on the identification of custodians most likely to have discoverable information in their possession, custody or control, and the identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.   The defendant discussed its initial proposal that ESI discovery should be guided by proper limits on discovery requests and categories of data subject to production, including the search methodologies associated with non-custodial data sources, the scope of metadata fields subject to production, general categories of ESI that should not be preserved except upon a showing of good cause, and the format of  producing files, including whether native format is reasonable unless the native files cannot be easily converted to image format, such as Excel and Access files,

The parties have also discussed the possibility of developing and running test searches using exemplar search terms in order to develop a fuller understanding of the scope of relevant ESI and the administrative and technical requirements necessary for its retrieval and production.

In light of these discussions, the parties agreed to continue to use their best, good-faith efforts to reach, as soon as possible, a mutually agreeable ESI protocol that satisfies the requirements, in particular, of Fed. R. Civ. P. 26(b)(1), (b)(2)(B), (b)(2)(C)(iii) and Local Rule 26.1.

 If the parties reach agreement on an ESI protocol, they will jointly propose such ESI protocol for the Court's review, approval and inclusion in a Pretrial or other Court Order. If the parties cannot reach agreement on an ESI protocol, they will submit their respective proposals to the Court and, at the Court's direction, brief and argue their respective positions concerning such ESI protocol.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

Should a party inadvertently produce any personal, confidential, or otherwise privileged information, the Parties shall adhere to a "clawback" agreement (the terms of which the Parties will  negotiate), that will govern the return of any such inadvertently produced personal, confidential, or otherwise privileged information.  Such an agreement shall generally require the party to immediately notify the requesting party of such disclosure.  After the requesting party is so notified, the party will return, sequester, or destroy all information and copies and may not disclose or use this information in the course of the litigation until the claim of privilege or protection as trial preparation materials is resolved. The parties agree that such inadvertent disclosure shall not constitute a waiver of any privilege. The parties agree that they will attempt to resolve disputes regarding the assertion of privilege between themselves and if unable to do so, will file a motion with the court for *in camera* review and decision on the issue.

The parties request that the Court enter this agreement as part of the discovery order and specify that it is applicable to any third parties to whom inadvertently disclosed materials have been re-disclosed.

The parties anticipate submitting a stipulated protective order to the Court in advance of the discovery period that governs the parties' handling of confidential documents and information.

**COMPLETION OF DISCOVERY:** All discovery shall be concluded by January 15, 2018.

**INTERROGATORIES:**

The parties request that each side be provided 30 fact interrogatories and 10 expert interrogatories with responses due 30 days after service. The Parties agree that that either party may petition the Court for additional interrogatories upon a showing of good cause.

**REQUESTS FOR ADMISSION:**

The parties agree to a maximum of 30 requests for admission by each party to any other party, with responses due 30 days after service. The Parties agree that that either party may petition the Court for additional requests for admission upon a showing of good cause.

**DEPOSITIONS:**

Plaintiff anticipates taking the depositions of numerous students, former students, administrators, faculty and staff of SPS, all of whom have knowledge of the senior salute tradition, the sexual assault that Defendant disputes occurred, and various other aspects of the case. Accordingly, the parties each request 30 fact witness depositions. The Parties agree that that either party may petition the Court for additional fact witness depositions upon a showing of good cause.  The parties agree to the presumptive 7 hour limit absent agreement of counsel or an order of the Court.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

Plaintiff:      September 1, 2017.

Defendant:      November 1, 2017.

Rebuttal:      December 15, 2017.

Supplementations under Rule 26(e) due by December 19, 2017.

**CHALLENGES TO EXPERT TESTIMONY:**

60 days prior to trial.

**OTHER ITEMS**

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**

The parties disagree about this issue.

Plaintiffs' position: if Defendant claims that unnamed parties are at fault on a state law claim (*see DeBenedetto v. CLD Consulting Engineers, Inc*., 153 N.H. 793 (2006)), Defendant shall disclose the identity of every such party and the basis of the allegation of fault sixty (60) days after the filing of this Joint Discovery Plan.  Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.

Defendant's position: If Defendant claims that unnamed parties are at fault on a state law claim (*see DeBenedetto v. CLD Consulting Engineers, Inc*., 153 N.H. 793 (2006)), Defendant shall disclose the identity of every such party and the basis of the allegation of fault no later than March 3, 2017.  Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.  Defendant reserves the right to seek an extension of this deadline for good cause if fact discovery is not sufficiently completed to make a *DeBenedetto* disclosure by this deadline.

**JOINDER OF ADDITIONAL PARTIES:**

Plaintiffs:      June 3, 2017

Defendant:     July 3, 2017

**THIRD-PARTY ACTIONS:** May 3, 2017.

**AMENDMENTS OF PLEADINGS:**

Plaintiffs:     November 14, 2016

Defendant:     December 14, 2016

Plaintiffs will have 30 days from the date of Defendant's *DeBenedetto* disclosure to amend the First Amended Complaint as necessary.

**DISPOSITIVE MOTIONS:**

**To Dismiss:** March 10, 2017

**For Summary Judgment:** October 31, 2017.

**SETTLEMENT POSSIBILITIES:**

The parties believe that the possibility of settlement may be enhanced by ADR.  The parties envision using a mediator from the Court's approved list or other mutually agreeable mediator.

**JOINT STATEMENT RE MEDIATION:** February 9, 2017.

**WITNESSES AND EXHIBITS:** Per court order.

**TRIAL DAYS ESTIMATE:** 14 days.

**TRIAL DATE:** Trial period commencing March 6, 2018.

**PRELIMINARY PRETRIAL CONFERENCE:**  The Parties understand that a Preliminary Pretrial Conference is currently scheduled for September 21, 2016 at 10:00 a.m.  Defendant seeks to hold the conference to review the proposed discovery plan with the court.   Plaintiffs believe that the conference is not necessary in light of the parties' general agreement on this Joint Disclosure Plan, and that the Court can resolve the disputed *DeBenedetto* disclosure date without

the necessity of holding the conference. However, the Plaintiffs will of course follow the Court's instructions about the most efficient way to proceed.

**OTHER MATTERS:**  None at this time.

Respectfully submitted,
ALEXANDER & SUSAN PROUT,
p/n/f of F.P., a minor
By their attorneys,

Date:  September 14, 2016         By:    /s/ Charles G. Douglas, III
Charles G. Douglas, III, NH Bar. #669
Douglas, Leonard & Garvey, P.C.
14 South Street, Suite 5
Concord, NH 03301
(603) 224-1988
chuck@nhlawoffice.com
Steven J. Kelly (*pro hac vice* granted)
Steven D. Silverman (*pro hac vice* granted)
Stephen G. Grygiel (*pro hac vice* granted)
Edward P. Parent (*pro hac vice* granted)
Silverman | Thompson |Slutkin | White, LLC
201 North Charles Street, Suite 2600
Baltimore, MD 21201
(410) 385-2225
skelly@mdattorney.com
ssilverman@mdattornev.com
sgrygiel@mdattorney.com
nparent@mdattorney.com

and

Respectfully submitted,
ST. PAUL'S SCHOOL
By its attorneys,

Date:  September 14, 2016         By:    /s/ Bruce W. Felmly
Bruce W. Felmly, NH Bar #787
Michael A. Delaney, NH Bar #10504
McLane Middleton
P.O. Box 326
Manchester, NH 03105-0326
(603) 625-6464
bruce.felmly@mclane.com
michael.delaney@mclane.com

9

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically served through ECF to all counsel of record on this date.

/s/ Charles G. Douglas, III
Charles G. Douglas, III