UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ALEXANDER AND SUSAN PROUT, as parents, next friends and legal guardians of F.P., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>ST. PAUL'S SCHOOL,<br><br>Defendant. | Civil Action No. 1:16-CV-00225-PB |

### DEFENDANT'S DEBENEDETTO DISCLOSURE

Defendant St. Paul's School ("Defendant" or the "School"), by and through its counsel, McLane Middleton, Professional Association, submits the following disclosure pursuant to *DeBenedetto v. CLD Consulting Engineers, Inc.*, 153 N.H. 793 (2006) and the parties' Discovery Plan, as approved by the Court on October 28, 2016 and amended by order of the Court on December 27, 2016.

1. This disclosure is preliminary as discovery is ongoing and further information may be revealed that demonstrates that other non-named parties, not identified herein, caused or contributed to, and are liable for, the alleged damages. Defendants reserve the right to amend and supplement this *DeBenedetto* disclosure as discovery continues and additional information is learned.

2. This action arises from the alleged sexual assault of F.P., Plaintiffs' daughter, on May 30, 2014 by Owen Labrie, who at that time was a student at the School. Plaintiffs allege that the School breached its fiduciary duty and duty of care by failing to protect or improperly

1

protecting F.P., who at the time of the alleged assault was 15, from sexual abuse. Plaintiffs also bring a claim for premises liability, alleging that the School failed to act with reasonable care to protect F.P. from foreseeable dangers of which Plaintiffs claim the School had notice. Plaintiffs also bring claims for intentional and negligent infliction of emotional distress, alleging that the School intended to cause F.P. emotional distress, or acted with reckless disregard that it would cause distress by failing to protect or improperly protecting F.P. from sexual abuse.

3. The School denies that it could have prevented the alleged assault of F.P. by Labrie through reasonable means and denies liability for the harms to F.P. alleged by Plaintiffs. Further, as the School stated in its Answer to Plaintiffs' First Amended Complaint, it is without knowledge or information sufficient to form a belief as to truth of Plaintiffs' allegations that Labrie sexually assaulted F.P. on May 30, 2014. Ans., ¶ 1. Only F.P. and Labrie know what happened between them on the evening of May 30, 2014. At the criminal trial in the matter of *State of New Hampshire v. Owen Labrie*, Merrimack County Superior Court, Docket No. 2014-CR-617 (the "Labrie Proceeding"), both F.P. and Labrie testified as to different versions of the events that occurred between them that evening. The jury in the Labrie Proceeding convicted Labrie of misdemeanor sexual assault for engaging in sexual penetration with F.P, a person under the age of consent; misdemeanor endangering the welfare of a child; and felonious use of a computer. The jury acquitted him of felonious sexual assault involving the application of force, or the use of threats or coercion. Labrie has appealed his convictions to the New Hampshire Supreme Court.

4. Defendant gives notice that Owen Labrie is a third party whose negligence and fault should be presented to and considered by the jury regarding any apportionment of fault. In Plaintiffs' First Amended Complaint and Demand for Jury Trial, the plaintiffs allege that "Labrie

proceeded to engage in numerous forms of sexual contact with F.P. including kissing, digital penetration, oral sex and unprotected vaginal penetration. F.P. told Labrie "no" on at least three occasions and did not consent to any vaginal contact—and could not have consented as a matter of New Hampshire law—based on her age." *See* First Amended Complaint and Demand for Jury Trial, para. 89. Plaintiffs also allege that Labrie engaged in inappropriate conduct before and after the sexual assault. *See id.* at para. 36-55, 67-88, 91-103 and 110-112.

5. In addition, a jury in the parallel criminal proceeding found Labrie at fault under criminal laws for the misdemeanor statutory rape of F.P. and a felony computer crime, but it acquitted him of felonious sexual assault involving the application of force, or the use of threats or coercion.

6. In light of the Plaintiffs' allegations in the First Amended Complaint and Demand for Jury Trial, and given the mixed jury verdict supporting some of the criminal charges against Labrie but rejecting others, the Defendant discloses its intent to produce evidence and arguments relative to the liability of Owen Labrie, and to have him listed on the verdict form in this case so that the jury may apportion fault against him.

7. Defendant makes this disclosure pursuant to RSA 507:7-e and *DeBenedetto v. CLD Consulting Engineers*, 153 N.H. 793, 804 (2006), which provides "that for apportionment purposes under RSA 507:7-e the word 'party' refers to not only to the 'parties to an action including . . . settling parties,' but to all parties contributing to the occurrence giving rise to an action including those immune from liability or otherwise not before the court." *Id.* (citations omitted).

8. By this disclosure, Defendant does not waive any other defenses. In addition, Defendant expressly reserves the right to provide additional disclosures pursuant to RSA 507:7-e and *DeBenedetto* should additional parties be identified during the course of discovery.

                          Respectfully submitted,

                          ST. PAUL'S SCHOOL,

                          By its attorneys,

                          McLANE MIDDLETON,
                          PROFESSIONAL ASSOCIATION

Dated: May 15, 2017        By:   s/Michael A. Delaney
                                         Bruce W. Felmly, NH Bar No. 787
                                         Michael A. Delaney, NH Bar No. 10504
                                         Benjamin B. Folsom, NH Bar No. 268352
                                         900 Elm Street, P.O. Box 326
                                         Manchester, NH 03105
                                         T) (603) 625-6464
                                         F) (603) 625-5650
                                         bruce.felmly@mclane.com
                                         michael.delaney@mclane.com
                                         benjamin.folsom@mclane.com

## CERTIFICATE OF SERVICE

I hereby certify on this 15th day of May, 2017, this document was served electronically on Plaintiff's counsel of record.

                                         /s/ Michael A. Delaney
                                         Michael A. Delaney