UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ALEXANDER AND SUSAN PROUT, as parents, next friends and legal guardians of F.P., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>ST. PAUL'S SCHOOL,<br><br>Defendant. | Civil Action No. 1:16-CV-00225-PB |

**ST. PAUL'S SCHOOL'S REPLY IN SUPPORT OF ITS MOTION FOR PRETRIAL CONFERENCE TO MODIFY SCHEDULING ORDER**

St. Paul's School ("the School"), through its attorneys, McLane Middleton, Professional Association, respectfully submits its reply in response to Plaintiffs' partial objection to the School's Motion for Pretrial Conference to Modify Scheduling Order ("Motion").

1. Plaintiffs agree with the School that the Court should schedule a conference for the parties and the Court to revisit the scheduling order. The parties also agree that the current scheduling order needs to be modified. The scope of that modification will be an issue for discussion with the Court at the conference. The main issue on which the parties appear to disagree is when certain current and former School officials should be deposed in this civil action in light of the Attorney General's criminal investigation of the School, the scope of which at present is far-reaching, broad, and uncertain, and covers the very same core subject matter that is at issue in this civil proceeding. This reply is filed to address certain characterizations Plaintiffs make of the School's position regarding discovery that are either inaccurate or incomplete and to address Plaintiffs' misplaced arguments that all depositions, including those of certain current and former School officials, should proceed immediately.

1

### A. The School Has Made it Clear That it Is Prepared to Proceed With Significant Discovery Efforts

2. The School agrees with the Plaintiffs that the parties have generally worked cooperatively through a number of issues. Obj. at 10. The School is thus somewhat surprised by the strident tone often taken by Plaintiffs in their objection. The recent telephone conference between counsel that Plaintiffs reference in their partial objection was marked by a tone of cooperation and genuine desire to find common ground on how to move forward with discovery in light of the recently initiated investigation. Counsel for the School was abundantly clear that the School was not seeking to modify the case schedule for purposes of delay, but rather because it was not practicable, given the recently initiated investigation, to proceed at this time with the depositions of certain witnesses who are current or former employees of the School. Undersigned counsel emphasized that the School was prepared to move forward expeditiously with many areas of discovery, including:

(1) completing document discovery (while stressing that the School has still not received any ESI production from Plaintiffs—a fact that remains true to this day);

(2) depositions of current and former students that either or both parties want to take;

(3) depositions of the Plaintiffs and their family; and

(4) other third-party depositions that either or both sides wish to take.

The School is prepared to proceed with the depositions of *at least thirteen* (13) witnesses that Plaintiffs included on their "list of deponents." Obj. at 3. This includes a number of current or former students and other third parties. It is simply not the case, as Plaintiffs' claim, that the School has made every witness Plaintiffs seek to depose other than "Labrie and the Slaymakers" "off limits[.]" Obj. at 4. Further, the School never, contrary to Plaintiffs' assertion, insisted that all depositions of all current or former School employees be stayed until the Attorney General's investigation is completed. Rather, the School explicitly stated it was willing to revisit the

discovery schedule as the scope and focus of the investigation becomes clearer—a factor which the School does not control.

3.  Plaintiffs inaccurately attempt to paint the School as having frustrated efforts to allow depositions to go forward, complaining that "this case has been pending for nearly 18 months,[1] and not a single person has been deposed. Justice delayed is justice denied." Obj. at 9. What Plaintiffs did not say is that the parties did not even begin to discuss the depositions of School witnesses, even in preliminary terms, until late June or early July of this year—just weeks ago. Plaintiffs never asked to schedule a deposition of a School witness prior to that time. The School was working with Plaintiffs to schedule depositions at the time that the criminal investigation was announced. If anything, the School has been the party pushing for depositions. It has been attempting to depose Lucy Prout since last December, but has been met with a series of obstacles and frustrations and the deposition has not occurred.

**B.   Depositions of Certain School Witnesses Are Not Practical At This Time**

4.  The Attorney General has launched a criminal investigation of the School. The scope of the investigation has been described in the media as "rare" and it is unquestionably broad per the terms as publicly stated by the Attorney General's office itself. A number of the School's current and former administrators, faculty, staff, and trustees who Plaintiffs seek to depose will certainly, or are very likely to, be involved in cooperating with and responding to requests the Attorney General makes in connection with its investigation. The reality of the situation is that many or all of these individuals will obtain their own counsel to represent them in their individual interests, both in connection with the Attorney General's investigation and with respect to any efforts to depose them in this civil action. The School will not control these

---

[1] This case has in fact been pending between 14-15 months. The Complaint was filed on June 2, 2016. The parties were not at issue on the pleadings until September 9, 2016, and the Discovery Plan was not entered until October 31, 2016.

attorneys, who will be new to this case, and will not control what counsel is given or what decisions are made with respect to testifying in this matter. While addressing individual witnesses is better suited for the conference with the Court, as undersigned counsel stated to Plaintiffs' counsel on the above-referenced call, it makes no sense for the parties and Court to address, through multiple rounds of briefing, hearings, and rulings *in seriatim* motions to stay, delay, and quash deposition notices and subpoenas brought by individual witnesses and their counsel on an *ad hoc* basis over an undefined period of time. This would not serve the interests of the parties or judicial economy and would consume significant judicial resources. Instead, it would be most efficient to address this issue on a global basis now and, as the School has suggested, postpone depositions of certain current and former School administrators, faculty, staff, and trustees for a set period of time, thereafter inform the Court of the status of the Attorney General's investigation, and evaluate whether any of the postponed depositions should at that point proceed.

5. Plaintiffs argue that depositions of School officials should proceed apace because the School previously addressed a "parallel" criminal proceeding involving Owen Labrie. Obj. at 6. This argument, for obvious reasons, misses the mark. The Labrie proceeding was not "parallel" to this one because Labrie is not a party to this action and, more importantly, the School was not a party to the criminal proceeding and there was no civil action at the time of the Labrie trial. The School was not subject to formal discovery at that time. Cooperating with and monitoring a criminal proceeding against a former student for a distinct incident is one thing. It is another when the School, as an institution, is the subject of a far-reaching investigation spanning years and various subject matter (including the "senior salute") where the Attorney

4

General's office has stated that it will "go where the evidence takes us" with respect to criminal charges.  Doc. No. 27-3 at p.3.

6. Plaintiffs' presentation of the case law regarding limited stays of certain discovery in civil proceedings where there is a parallel criminal proceeding or investigation is incomplete and ignores a line of cases exercising discretion to grant stays where there are parallel civil and criminal proceedings.  While a court balances the interests of the parties when determining whether to stay some or all aspects of a civil action, *Microfinancial, Inc. v. Premier Holidays, Int'l, Inc.*, 385 F.3d 72, 78 (3d Cir. 2004), Plaintiffs would have the Court believe that the balance could essentially never tip in favor of a party seeking a stay.  Yet courts within the First Circuit have often granted stays in circumstances, such as here, where there are parallel criminal and civil proceedings.  *E.g.*, *Nat'l Ass'n of Gov't Employees v. Mulligan*, 849 F. Supp. 2d 167, 172-73 (D. Mass. 2012); *United States v. A Certain Parcel of Land, Moultonboro*, 781 F. Supp. 830, 833-34 (D.N.H. 1992); *Zavatksy v. O'Brien*, 902 F. Supp. 2d 135, 148-49 (D. Mass. 2012); *United Techs. Corp., Hamilton Standard Div. v. Dean*, 906 F. Supp. 27, 29 (D. Mass. 1995); *see also*, *Emseal Joint Sys., Ltd. v. Schul Int'l Co., LLC*, 2015 DNH 066, 3, No. 14-CV-358-SM, 2015 WL 1457630, at *1 (D.N.H. Mar. 27, 2015) (a district court may stay proceedings when in its discretion it deems it appropriate).  The Court exercising its discretion in favor of temporarily postponing a limited set of depositions as the School proposes is entirely reasonable and practicable under the circumstances here.

7. The School looks forward to discussing reasonable modifications to the scheduling order that would appropriately balance the interests of both parties at a conference with the Court and counsel.

Respectfully submitted,

ST. PAUL'S SCHOOL,

By its attorneys,

McLANE MIDDLETON,
PROFESSIONAL ASSOCIATION

Dated: August 22, 2017    By: /s/ Bruce W. Felmly
    Bruce W. Felmly, NH Bar No. 787
    Michael A. Delaney, NH Bar No. 10504
    Benjamin B. Folsom, NH Bar No. 268352
    900 Elm Street
    Manchester, NH 03105
    T) (603) 625-6464
    F) (603) 625-5650
    bruce.felmly@mclane.com
    michael.delaney@mclane.com
    benjamin.folsom@mclane.com

Certificate of Service

    I certify that, on August 22, 2017, I served the foregoing via ECF electronic transmission in accordance with the Court's Administrative Procedures for ECF to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants, if any.

/s/ Bruce W. Felmly