# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| ALEXANDER AND SUSAN PROUT, <br> as parents, next friends and legal guardians of <br> F.P., a minor, <br><br> Plaintiffs, <br><br> v. <br><br> ST. PAUL'S SCHOOL, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:16-CV-00225-PB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PROTECTIVE ORDER

The parties have agreed to the terms of this Protective Order ("Order"); accordingly, it is ORDERED:

1. **Scope**. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, and/or other materials produced in discovery that may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "document(s)"), shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation**. A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation. Documents shall be

designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" prior to, or at the time of, the production or disclosure of the documents.  The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not itself mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Subject to Designation**

A. Documents That May be Designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."  Any party may designate documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" but may only do so after review of the documents by an attorney, or by a party appearing *pro se*, who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as legitimately confidential personal information, trade secrets, personnel records, or competitively sensitive or proprietary commercial or business information. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure. Information or documents that are available in the public sector may not be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

4. **Depositions**. Deposition testimony shall be deemed "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" only if designated as such. Such designation shall be specific as to the portions to be designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Depositions, in whole or in part, shall be designated on the record as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" at the time of the deposition. Deposition testimony so designated shall remain "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" for a period of ninety (90) days following the date of delivery of that deposition's transcript by the court reporter. Within forty-five (45) days after delivery of the

transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Thereafter, those portions so designated shall be protected as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pending objection under the terms of this Order. The failure to serve a Notice of Designation shall waive the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation made on the record of the deposition.

5. **Protection of Confidential Material**.

A."General Protections". Documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," including but not limited to protected health information as defined in 45 C.F.R. § 160.103, under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in Paragraph 5(B) *infra* for any purpose whatsoever other than to prepare for and to conduct discovery, hearings and trial in this action, including any appeal thereof.

B. Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any document designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to any third person or entity except as set forth in subparagraphs 1-6 *infra*. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER":

1. Counsel. Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

2. Parties. For information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER", parties and/or employees of a party to this Order, or

employees of such party's insurer, but only to the extent counsel determines that the specifically named individual party or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.

3. <u>Court Reporters and Recorders</u>. Court reporters and recorders engaged for depositions;

4. <u>Contractors.</u> Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A as attached hereto.

5. <u>Consultants and Experts</u>. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A as attached hereto; and

6. <u>Others by Consent</u>. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A as attached hereto.

C. <u>Control of Documents</u>. Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of six years from the date of signing.

D. <u>Copies</u>.  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies")

of documents designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists that do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

6. **Filing Documents Designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" With the Court.**

A. Filing Party's Confidential Documents. In the event that a party seeks to file, or reference in any filing, a document that the filing party designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order and the filing party seeks to maintain the confidentiality of such document, the filing party must comply with LR 83.12 and AP 3.3 for filing the confidential document under seal.

B. Non-Filing Party's Confidential Documents. In the event that the filing party seeks to file, or reference in any filing, a document that the non-filing party designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, the filing party shall first consult with the non-filing party to determine whether the non-filing party consents to filing the document in whole or in part on the public docket. If the parties are unable to reach an agreement, the filing party shall prepare two versions of the filings, a public and a confidential version. The public version shall contain a redaction of references to "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" documents and shall be filed with the Court. The confidential version shall be a full and complete version of the filing, including any exhibits, and

shall be filed with the Court provisionally under seal pursuant to LR 83.12 and AP 3.3 indicating that the non-filing party seeks to maintain the confidentiality of the redacted material. The party seeking to maintain the confidential status shall file a motion to seal in accordance with LR 83.12(c) and AP 3.3 within three (3) business days of the filing. Failure to file a timely motion to seal could result in the pleading/exhibit being unsealed by the Court without further notice or hearing.

7.   **No Greater Protection of Specific Documents**.   No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

8.   **Challenges by a Party to Designation as Confidential**.  Any "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation is subject to challenge by any party or non-party (hereafter "party"). The following procedure shall apply to any such challenge.

A.   <u>Objection to Confidentiality</u>.  Within thirty (30) days of the receipt of any document designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or of the refusal to produce a document on the ground of such designation, a party may serve upon the designating party an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" documents to which an objection has been made shall remain "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" until designated otherwise by waiver, agreement or order of the Court.

B.   <u>Obligation to Meet and Confer</u>.  The objecting party and the party who designated the documents to which objection has been made shall have fifteen (15) days from service of the

objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

   C. <u>Obligation to File Motion</u>.  If the parties cannot reach agreement as to any documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," for the purpose of discovery, the designating party shall file with the court within thirty (30) days of the service of the objection a motion to retain the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation. The moving party has the burden to show good cause for the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation. The failure to file the motion waives the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation of documents to which an objection was made.

   9. **<u>Court Not Bound By Parties' Designation</u>**.  Nothing in this Order or any action or agreement of a party under this Order limits the court's power to make orders concerning the disclosure of documents produced in discovery, filed with the court, or used during any hearing or at trial.

   10. **<u>Use of Confidential Documents or Information at Hearing or Trial</u>**.  A party who intends to present or anticipates that another party may present at any hearing or at trial "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" documents or information derived therefrom shall identify the issue, not the information, in a pre-hearing or pretrial memorandum. The court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial.

11. **Obligations on Conclusion of Litigation**.

   A. <u>Order Remains in Effect</u>.  Unless otherwise agreed or ordered, the terms of this Order shall remain in force as an agreement between the parties after dismissal or entry of final judgment not subject to further appeal. Actions to enforce the terms of the Order after dismissal or entry of final judgment shall be by separate legal action and not by motion for contempt or other relief filed in this action.

   B. <u>Return of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" Documents</u>.  Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, the receiving party shall return to the producing party all documents treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in Paragraph 6(d) *supra*, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" documents.

C. <u>Deletion of Documents Filed under Seal from ECF System</u>.  Filings with the court under seal shall remain in the ECF system and not be deleted except by order of the Court.

12. **Order Subject to Modification**.  This Order shall be subject to modification by the court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules.

13. **No Prior Judicial Determination**.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the court may rule on a specific document or issue.

14. **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

15. **Party Seeking Greater Protection Must Obtain Further Order.**  Nothing contained in this Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by statute, the Federal Rules of Civil Procedure, or other applicable law. Subject to the foregoing, no information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 1 of this

Order unless the person claiming a need for greater protection moves for an order providing such special protection pursuant to FED. R. CIV. P. 26(c). In addition, nothing in this Order, or the parties' agreement to enter into this Order, to receive and/or produce information or material designated under this Order or to otherwise act in compliance with the terms of this Order, shall:

    (a)    constitute an admission or waiver of any claim or defense by any party;

    (b)    operate as an admission by any party that any particular information or material designated under this Order contains or reflects confidential student information, medical information, sensitive information, or any other type of confidential information;

    (c)    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order; or

    (d)    prejudice in any way the rights of any party to apply to the Court for an order restricting certain individuals from access to certain information.

    16.    **<u>Non-waiver of privilege for inadvertently disclosed materials</u>**. Pursuant to FED. R. EVID. 502(d), the inadvertent disclosure of any document subject to a legitimate claim that the document is subject or otherwise protected from disclosure under the attorney-client privilege and/or the work-product protection shall not waive the protection or the privilege for either that the document or for the subject matter of that document.

    17.    **<u>Return of inadvertently disclosed materials</u>**. Except in the event that the requesting party disputes the claim, any documents the producing party deems to have been inadvertently disclosed and protected from disclosure under the attorney-client privilege or the work-product protection shall be, upon written request, promptly returned to the producing party, or destroyed, at that party's option. If the claim is disputed, a single copy of the materials may be

retained by the requesting party for the exclusive purpose of seeking judicial determination of the matter pursuant to FED. R. CIV. P. 26(b)(5)(B) and FED. R. EVID. 502.

18. **Miscellaneous**.

A. To the extent applicable, the parties hereby stipulate and agree that this Order shall qualify and be deemed a lawfully issued judicial order for the purposes of 34 CFR § 99.31(A)(9)(i).

B. To the extent applicable, the parties hereby stipulate and agree that this Order shall be deemed a qualified protective order under 45 CFR § 164.512(e)(1)(v) and shall otherwise satisfy the requirements of 45 CFR § 164.512(e)(1)(i) & (ii)(B).

C. The parties reserve the right to amend the protections, procedures, and/or terms of this Order to the extent necessary as this matter proceeds through discovery, and in a manner consistent with the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or the parties' Joint Discovery Plan.

19. **Non-Parties.** As provided in the Stipulation and Agreement attached hereto as Attachment B, a non-party that is obligated to provide discovery in this action by deposition, production of documents or otherwise, may request the protections afforded and corresponding obligations set forth in this Order for confidential documents and information. Upon signing by all parties and the producing non-party, all shall be bound by the terms of Attachment B and the terms of this Order incorporated by reference therein.

Dated: So Ordered,

_____

**ATTACHMENT A**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ALEXANDER AND SUSAN PROUT, as parents, next friends and legal guardians of F.P., a minor,<br><br>       Plaintiffs,<br><br>       v.<br><br>ST. PAUL'S SCHOOL,<br><br>       Defendant. | Civil Action No. 1:16-CV-00225-PB |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned case and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of New Hampshire in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" in accordance with the Order solely for the purposes of the above-captioned case, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern. The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court or for other relief under the protective order agreement.

By: _____
      Print Name:
      Date:

**ATTACHMENT B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ALEXANDER AND SUSAN PROUT, as parents, next friends and legal guardians of F.P., a minor, <br><br> Plaintiffs, <br><br> v. <br><br> ST. PAUL'S SCHOOL, <br><br> Defendant. | Civil Action No. 1:16-CV-00225-PB |

**STIPULATION AND AGREEMENT**

1. _____ (the "Non-Party"), a non-party in the above-captioned action, has been served with a subpoena herein. Compliance with such discovery requests will require _____ to disclose confidential information as set forth in Paragraph 3 of the Protective Order entered in this action.

2. The Non-Party requests that he/she/it, as the case may be, be afforded the protections of the Protective Order entered in this action and agrees that it shall abide by all of the terms of the Protective Order, and, upon notice, any further Order of the Court modifying or superseding the terms of the Protective Order, as if it were a party to this action. The parties to this Stipulation and Agreement agree that the parties to this action may use documents and information designated by the Non-Party as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under the terms of this Protective Order in depositions of third-party witnesses in this action, so long as, with respect to each deposition in which such documents are used, the third-party witness:

**ATTACHMENT B**

(a) is an individual referenced in the document(s), an expert as defined by Subsection 5(B)(5) of the Protective Order, an author, addressee, or lawful recipient of the document(s); or an individual for whom counsel for Plaintiffs or the Defendant in this action believes in good faith previously received or had access to the document(s), unless the person indicates that he or she did not have access to the document(s); or other persons by written consent of the Non-Party or upon order of the Court and on such conditions as may be agreed or ordered; AND

(b) first executes the Acknowledgement and Agreement to Be Bound, attached as Exhibit A to this Protective Order.

3. This Stipulation and Agreement is not intended to and should not be relied upon by any signatory or party in the above-captioned action to support any motion or request for a district court other than the district court in the place of compliance to hear or adjudicate any Subpoena-related motion under Rule 45.

4. The parties hereby stipulate and agree that the following categories of documents and information shall be designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" as provided in the Protective Order: _____

_____

_____.

The identification of these categories of documents and information in no way limits the ability of the non-party to designate other or additional categories of documents and information "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" consistent with the terms of the Protective Order.

**ATTACHMENT B**

Dated:_____

_____

Counsel for Defendant

Dated:_____

_____

Counsel for Plaintiffs

Dated:_____

_____

Counsel for _____ [Non-Party]

12882815